UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRENDA D. ANDRUS                               CIVIL ACTION

VERSUS                                          NO. 2:16-CV-1112

UNUM LIFE INSURANCE COMPANY OF AMERICA

## COMPLAINT

The Complaint of Brenda D. Andrus respectfully alleges:

1. This is a claim for long term disability benefits and waiver of life insurance premium benefits.

2. This Court has jurisdiction and venue under 28 U.S.C. 1332, as the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Plaintiff, **Brenda D. Andrus**, of lawful age and a resident of Opelousas, Louisiana is a plan participant and beneficiary of a group disability plan created by her employer, Opelousas General Health System, and an insured participant of a group disability policy issued by Unum Life Insurance Company of America.

4. Defendant, **Unum Life Insurance Company of America** ("UNUM"), is a foreign corporation, residing in Portland, Maine and authorized and doing business in Louisiana.

5. UNUM issued a group disability policy, No. 142867, insuring the employees of Opelousas General Health System.

6. Plaintiff's disability policy is part of a non-ERISA plan, as Opelousas General Health System is a governmental entity and therefore exempt from ERISA under 29 U.S.C. Sec. 1003.

1

7. Plaintiff is disabled under the terms of the UNUM insurance policy and has provided Defendant with ample medical documentation and other evidence supporting her claim for disability benefits.

8. Plaintiff worked as a Case Manager, LPN at Opelousas General. Plaintiff is suffering from a number of comorbid medical conditions that prevent her from continuing to work, such as sarcoidosis, severe fatigue, hypercrapnic respiratory failure, chronic bronchitis, low back pain, diabetes, lymphadenopathy, and hypertension.

9. Plaintiff's doctors have previously explained to Unum that Ms. Andrus is disabled due to physiological conditions. For example, Ms. Shirley Ryland responded to Unum's letter of July 9, 2014 noting that she has both mental and physical health issues that prevent her from working. Dr. Santiago responded to Unum's August 15, 2014 letter explaining that he felt that she is not able to work on a fulltime basis, as her "sarcoidosis immune suppression therapy prevents her from working within a hospital setting." Dr. Nix echoed the same restrictions and further explained that she has malaise, fatigue, and arthralgias. Dr. Nagendran also responded to Unum's questions on November 7, 2014 indicating that she is unable to work due to complications from sarcoidosis such as fatigue and malaise.

10. Plaintiff appealed the denial of benefits providing overwhelming evidence supporting that she was disabled under policy terms. For example, she submitted letters from three treating doctors who believed she is unable to maintain fulltime employment, particular in light of her weakened immune system, intolerance for prolonged sitting, and chronic fatigue. She also submitted proof of her job duties that she could not tolerate and medical literature demonstrating that her debilitating symptoms are consistent with her diagnoses.

11. Plaintiff's medical conditions plainly prevent her from performing her job duties or the job duties of a suitable alternative occupation.

12. Plaintiff's medical condition also qualifies her for waiver of life insurance premium benefits and she plainly meets the requirements for this benefit under policy terms.

13. UNUM received satisfactory proof of loss that fully apprised UNUM of Plaintiff's entitlement to disability benefits.

14. UNUM has, without good reason or cause, denied the claims for benefits despite receipt of overwhelming proof of her claim for disability and life insurance waiver of premium benefits.

15. UNUM refused to promptly and fairly adjust and pay these claims. Plaintiff therefore seeks penalties against UNUM under the Louisiana Insurance Code, including, but not limited to, LA 22:658, LA RS 22:1892, LA RS 22:1821.

16. A reasonable and prudent businessman would have paid Plaintiff's claims after receiving the Proof of Loss Plaintiff provided to UNUM.

17. UNUM's failure to pay these claims is arbitrary and capricious, without good cause, and made in bad faith.

18. Despite receiving proof of loss, Defendant did not pay the claims within 30 days. It failed to formally deny the claims until well after the 30-day period prescribed in the Louisiana Insurance Code.

19. UNUM's denial of these claims has caused Plaintiff financial damage, emotional distress, embarrassment, and anxiety, as without her disability income from UNUM she has been unable to pay for her continuing medical expenses and living expenses.

20. UNUM breached its obligations under the Policy to Plaintiff by failing and refusing to pay benefits to her after receiving proof of loss.  Further, UNUM's denial letters constitute an express repudiation and anticipatory breach of UNUM's future obligations to pay benefits to Plaintiff under the Policy, thus making all such obligations now due and owing.

21. UNUM failed to provide requested information to Plaintiff and to her attorney, such as a complete copy of UNUM's claims files.

22. Defendant intended to cause Plaintiff to suffer severe emotional distress or acted with a reckless disregard of the probability that such distress would result from its conduct.

23. UNUM's denial of these claims has caused Plaintiff untold financial and emotional hardship. She has been deprived of substantial disability income that she needs to pay her ongoing medical and living expenses.

24. As a result of UNUM's conduct as alleged herein, Plaintiff suffers severe emotional distress.

25. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

26. UNUM unlawfully denied Plaintiff benefits she is entitled to under terms of the UNUM disability policy.

27. Plaintiff appealed the denials, providing additional, overwhelming evidence supporting her entitlement to continuing disability benefits.  UNUM has failed to reverse its decision.

28. UNUM has abused its discretion by failing to consider Plaintiff's medical condition in relation to the actual duties of her occupation or to the actual duties of a suitable alternative occupation.

29. UNUM administered Plaintiff's claim with an inherent and structural conflict of interest as UNUM is liable to pay benefits from its own assets to Plaintiff, and each payment depletes UNUM's assets.

30. UNUM chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

31. As a routine business practice, UNUM uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

32. Plaintiff has been denied the benefits due Plaintiff under the Plan, has suffered, and is continuing to suffer economic loss as a result.

33. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

34. Defendants' denials have required Plaintiff to hire attorneys to represent her in this matter to recover benefits due Plaintiff under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For damages, including past and future disability benefits under policy terms, plus interest;

2. For continuing life insurance coverage without payment of premium as provided in her life insurance policy;

3. For penalties under the Louisiana Insurance Code, including, but not limited to LA R.S. LA 22:658, LA RS 22:1892, LA RS 22:1821;

4. For damages for the physical and emotional distress UNUM caused to Plaintiff;

5. For all reasonable attorney fees and court costs;

6. For trial by jury; and

7. For all other relief as the facts and law may provide.

          Respectfully submitted,

          /s/ Reagan L. Toledano
          James F. Willeford (LA. 13485)
          Reagan L. Toledano (LA. 29687)
          Willeford & Toledano
          201 St. Charles Avenue, Suite 4208
          New Orleans, Louisiana 70170
          (504) 582-1286; (f) (313)692-5927
          rtoledano@willlefordlaw.com